

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Christina O. Hud*
*Assistant U.S. Attorney*

*401 Market Street, Fourth Floor*                    *856-605-4910*
*Camden, New Jersey 08101*

September 13, 2022

Kevin H. Marino, Esq.
MARINO, TORTORELLA, & BOYLE, P.C.
437 Southern Boulevard
Chatham, N.J. 07928                              CR. 20-764-2 (RBK)

        Re:  Plea Agreement with Frank Alario

Dear Mr. Marino:

        This letter sets forth the plea agreement between your client, Frank Alario,
and the United States Attorney for the District of New Jersey ("this Office").

Charge

        Conditioned on the understandings specified below, this Office will accept a
guilty plea from Frank Alario to a one-count Superseding Information, which charges
him with conspiring to wrongfully disclose individually identifiable health
information, contrary to Title 42, United States Code, Section 1320d-6(b)(1), and in
violation of Title 18, United States Code, Section 371.  If Frank Alario enters a guilty
plea and is sentenced on this charge, and otherwise fully complies with all the terms
of this agreement, this Office will not initiate further criminal charges against him
for the unlawful obtaining, promoting, and filling of compound medication
prescriptions during the time period from August 2014 through February 2016, or
the unlawful disclosure of individually identifiable health information.  In addition,
if Frank Alario fully complies with all of the terms of this agreement, at the time of
sentencing in this matter, this Office will move to dismiss Counts 1-11 of the
Indictment in Criminal No. 20-764 (RBK) against Frank Alario, which the parties
agree should be taken into account as relevant conduct by the Court at the time of
sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a).  However, in the event that a
guilty plea in this matter is not entered for any reason or the judgment of conviction
entered as a result of this guilty plea does not remain in full force and effect, Frank
Alario agrees that any dismissed charges and any other charges that are not time-
barred by the applicable statute of limitations on the date this agreement is signed
by Frank Alario may be commenced against him notwithstanding the expiration of
the limitations period after Frank Alario signs the agreement.

1

Sentencing

The violation of 18 U.S.C. § 371 to which Frank Alario agrees to plead guilty carries a statutory maximum prison sentence of one (1) year and a statutory maximum fine equal to the greatest of: (1) $50,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Frank Alario is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Frank Alario ultimately will receive.

Further, in addition to imposing any other penalty on Frank Alario, the sentencing judge: (1) will order Frank Alario to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Frank Alario to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Frank Alario to serve a term of supervised release of not more than one (1) year, which will begin at the expiration of any term of imprisonment imposed. Should Frank Alario be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Frank Alario may be sentenced to not more than one (1) year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Frank Alario by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement, and (2) the full nature and extent of Frank Alario's activities and relevant conduct with respect to this case.

Stipulations

This Office and Frank Alario agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Frank Alario from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Immigration Consequences

Frank Alario understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removal from the United States by making him deportable, excludable, inadmissible, or ending his naturalization. Frank Alario understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Frank Alario wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Frank Alario understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Frank Alario waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative

3

matters that may be pending or commenced in the future against Frank Alario.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Frank Alario.

No provision of this agreement shall preclude Frank Alario from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Frank Alario received constitutionally ineffective assistance of counsel.

* * *

No Other Promises

This agreement constitutes the plea agreement between Frank Alario and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

VIKAS KHANNA
Attorney for the United States
Acting Under Authority Conferred By 28 U.S.C. § 515

_____
CHRISTINA O. HUD
R. DAVID WALK, JR.
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

APPROVED:

_____
JASON M. RICHARDSON
Attorney-in-Charge, Camden Vicinage
United States Attorney's Office
District of New Jersey

4

I have received this letter from my attorney, Kevin Marino, Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           _____9/13/22_____
FRANK ALARIO                                                     Date
*Defendant*

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____           _____9/13/22_____
KEVIN MARINO, ESQ.                                        Date
*Counsel for Defendant*

## PLEA AGREEMENT WITH FRANK ALARIO
## SCHEDULE A

1.      This Office and Frank Alario recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Frank Alario nevertheless agree to the stipulations set forth herein.

2.      The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3.      The guideline that applies to the charged conduct is U.S.S.G. § 2H3.1, which provides for a base offense level of 6.  *See* U.S.S.G. §§ 2H3.1(a)(2); 2X5.1.

4.      In accordance with U.S.S.G. § 3B1.3, the offense level is increased by 2 levels because the Defendant abused a position of trust.

### ACCEPTANCE OF RESPONSIBILITY

5.      As of the date of this letter, Frank Alario has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.    Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Frank Alario's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

6.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to Frank Alario is 6 ("the agreed total Guidelines offense level").

7.      Frank Alario knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 6.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 6.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.  Moreover, the preceding paragraph does not apply to:

      a.      Any proceeding to revoke the term of supervised release.

      b.      A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      c.      An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).